CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LINDA RENE CODY, | |
| Appellant | Civil Action No. 7:19-CV-433 |
| v. | |
| CHRISTOPHER MICALE, Chapter 13 Trustee, | By: Michael F. Urbanski<br>Chief United States District Judge |
| Appellee | |

## ORDER

On February 13, 2019, appellant Linda Rene Cody, proceeding pro se, filed a notice of appeal in the United States Bankruptcy Court for the Western District of Virginia. In re Cody, No. 19-70043 (Bankr. W.D. Va. filed Jan. 11, 2019). ECF No. 31. She also filed a motion for leave to appeal, which was docketed as a miscellaneous case in this district court. Cody v. Micale, No. 7:19-MC-4 (W.D. Va., filed Feb. 14, 2019), ECF No. 1. On February 22, 2019, Cody filed a motion for appointment of counsel in the miscellaneous case because she is proceeding pro se and is seventy-five percent deaf. ECF No. 3 in 7:19-MC-4. Cody's motion for leave to appeal the dismissal of her bankruptcy cause of action was denied because she does not need leave from this court to appeal, and her motion for appointment of counsel also was denied. ECF No. 4 in 7:19-MC-4. Cody's bankruptcy appeal was opened and given Civil Action Number 7:19-CV-433. Cody now seeks reconsideration of the order denying appointment of counsel. ECF No. 3 in 7:19-CV-433.

As discussed in the previous order denying appointment of counsel, no provision of the Bankruptcy Code either requires or allows the appointment of counsel for a debtor appealing an adverse ruling. In re Eilerston, No. 3:96-600-17BC, 211 B.R. 526, 531 (D.S.C. 1997) (citing Graham v. Lennington, 74 B.R. 967 (S.D. Ind. 1987)). See also In re Villanueva, No. RWT 09cv1443, 2009 WL 3379934 (Bankr. D. Md. 2009) (noting that a bankruptcy proceeding is a civil matter and there is no right to appointment of counsel in a civil matter).

In Eilerston, the court noted that under 28 U.S.C. § 1915(d), a court has discretion to appoint counsel for an indigent party in a civil action, but it should be allowed only in exceptional cases. However, it is not clear that § 1915(d) applies to bankruptcy proceedings. See United States v. Kras, 409 U.S. 434, 441 (declining to find that 28 U.S.C. § 1915(a) applies to bankruptcy proceedings, but not discussing § 1915(d)). Even if § 1915(d) applies to bankruptcy proceedings, Cody has paid the filing fee and has not alleged indigency. In addition, although she asserts that she is seventy-five percent deaf, she has not stated any facts to indicate that her hearing loss prevents her from representing herself. Finally, a review of her case does not reveal any unusual circumstances that would justify the appointment of counsel.

Moreover, Cody appears to understand the arguments she wishes to present to the court and, as a pro se litigant, her pleadings are liberally construed and she is held to a less stringent pleading standard than an attorney. Erickson v. Pardus, 551 U.S. 89. 94 (2007). See also Federal Rules of Civil Procedure 8(e) ("Pleadings must be construed so as to do justice."); and Cilwa v. Fort, No. 7:17-CV-450, 2018 WL 1801607, *2 (D. S.C. 2018) (noting in bankruptcy case that liberal construction of pleadings means that if the court can reasonably read pleadings to state a valid claim on which an appellant can prevail, it should do so).

Accordingly, Cody's request for reconsideration of the denial of counsel, ECF No. 3, is **DENIED**.

It is so **ORDERED**.

Entered: 07-17-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge