CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 13 2019

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LINDA RENE CODY, | )<br>) |
| Appellant | ) Civil Action No. 7:19-cv-00433<br>) |
| v. | )<br>) |
| CHRISTOPHER MICALE,<br>Chapter 13 Trustee, | )<br>)<br>) By: Hon. Michael F. Urbanski<br>) Chief United States District Judge<br>) |
| Appellee | ) |

## MEMORANDUM OPINION

This is an appeal of an order by the United States Bankruptcy Court for the Western District of Virginia pursuant to 28 U.S.C. § 158(a)(1) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. On February 5, 2019, the bankruptcy court dismissed appellant Linda Rene Cody's ("Cody") fourth bankruptcy petition in four years due to her failure to complete the pre-petition credit counseling required by the Bankruptcy Code, her violation of the court's prior order barring her from filing another petition within 180 days, and the filing of her fourth petition in bad faith. For the reasons that follow, this court **AFFIRMS** the bankruptcy court's February 5, 2019 dismissal of Cody's bankruptcy petition because she fails to show that the bankruptcy court abused its discretion.

I.

Cody has filed four voluntary Chapter 13 petitions in the United States Bankruptcy Court for the Western District of Virginia since November 2016 in an attempt to prevent the sale of a parcel of real property ("Property"). ECF No. 1-2, at 1. All four petitions have been

dismissed, with the fourth and most recent dismissal resulting in this appeal. ECF No. 6 at 5. Each of Cody's first three petitions was filed one day before appellee the City of Roanoke ("the City") was set to sell the property and each was dismissed for her failure to submit the required documentation. Id. at 6. On July 17, 2018, the court dismissed her third petition and also ordered her not to file another petition for a period of 180 days, which expired on January 14, 2019.[1] Id. at 7.

Cody violated this order by filing her fourth bankruptcy petition on January 11, 2019, which was three days before the court's 180-day bar expired and four days before another scheduled sale of the Property. Id. Additionally, Cody failed to file the required documentation or take the required credit counseling courses before filing her petition. ECF No. 7 at 9. Despite Cody's fourth petition, the City sold the Property at public auction on January 15, 2019 as planned. Id. The bankruptcy court ordered Cody to show cause why her fourth petition should not be dismissed, and oral arguments were heard on February 4, 2019. Id. at 10. The court issued an order dismissing the case the next day, concluding the following:

> [T]he Debtor's repeat bankruptcy filings [were] a continued effort to thwart the City of Roanoke from exercising its rights in connection with unpaid real estate taxes on the Debtor's condemned and unoccupied Property. The serial filings combined with her disregard of the duties and obligations imposed upon her by the United States Bankruptcy Court and this Court's prior dismissal Order, indicate that her case was filed in bad faith, and is an abuse of the provisions of the Bankruptcy Code.

ECF No. 1-2 at 5.

Cody filed a Motion for Leave to Appeal on February 14, 2019, which this court treated as a Notice of Appeal. ECF No. 7 at 4. Therefore, Cody's appeal is timely pursuant to Rule

---

[1] The 180th day after entry of the order was January 13, 2019, which was a Sunday.

8002 of the Federal Rules of Bankruptcy Procedure because it was filed within fourteen days of the bankruptcy court's order. Id. However, Cody's appeal did not request a stay, nor was one ordered by any court. Id. at 11. As such, the Roanoke City Circuit Court entered a decree on March 26, 2019, confirming the January 15, 2019 sale and title was conveyed to the purchaser three days later. Id. The Special Commissioner's report of receipts and proposed disbursements subsequently was confirmed by the circuit court in an order entered on July 10, 2019. Id. Notably, the report shows that after satisfaction of the taxes, costs, and expenses of the sale, Cody is entitled to the surplus proceeds totaling $30,469.99 as the former owner of the Property. Id. at 12. However, the Special Commissioner has deferred any disbursements until this appeal is resolved. Id.

## II.

It is not entirely clear from Cody's brief which issues she is appealing. ECF No. 4. However, based on the briefs filed by appellee-trustee Christopher Micale ("Micale") and the City, the court considers the sole issue to be whether the bankruptcy court erred in dismissing Cody's fourth bankruptcy petition filed on January 11, 2019. ECF Nos. 6 at 4 and 7 at 5.

In her brief, Cody argues that she filed her petition two days before the 180-day court-ordered bar expired because she was concerned that anticipated inclement weather would prevent her from doing so before the public auction on January 15, 2019. ECF No. 4 at 2. At the February 4, 2019 hearing, Cody also asserted that she was concerned the bankruptcy court would be closed on the Rev. Dr. Martin Luther King, Jr. holiday. ECF No. 7 at 10. In addition, she cites the onset of numerous health issues as the reason for her untimely delay in taking the required consumer credit counseling course. ECF No. 4 at 1-2.

Micale and the City largely make the same arguments in their respective briefs. First, they argue that Cody is not a debtor under 11 U.S.C. § 109(h) because she failed to take the required credit counseling course. ECF Nos. 6 at 8-11 and 7 at 14-15. Second, they argue that Cody was barred by the bankruptcy court from filing another Chapter 13 petition prior to January 14, 2019. ECF Nos. 6 at 11-13 and 7 at 16. Third, they argue that Cody's serial filing of Chapter 13 petitions on the eve of the City's planned public auctions constitutes bad faith, with the City adding that Cody did not have sufficient wages to fund a Chapter 13 plan even if the case had been allowed to proceed. ECF Nos. 6 at 13-16 and 7 at 16-18. These arguments mirror the reasons given by the bankruptcy court for its dismissal of the petition. ECF No. 1-2 at 4-5.

Finally, the City alone argues that Cody's appeal is constitutionally and equitably moot because no stay was requested after the February 5, 2019 dismissal and because the Property in question has been sold and title conveyed. ECF No. 7 at 18-21. Because the court finds that the bankruptcy court did not abuse its discretion, it does not reach the City's final argument on mootness.

### III.

Cody seeks appellate review of the bankruptcy court's February 5, 2019 order dismissing her fourth petition. In reviewing the decision of the bankruptcy court, a district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous and review *de novo* the bankruptcy court's conclusions of law. See U.S. Dep't of Agric. v. Sexton, 529 B.R. 667, 671 (W.D. Va. 2015). Likewise, the dismissal of a bankruptcy case is a fact-intensive question reviewed under the abuse of discretion standard. Lawson v. Tice, 115 Fed.

4

Appx. 611 (4th Cir. 2004) (citing Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)). "A court abuses its discretion when its conclusion is 'guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'" In re Jemsek Clinic, P.A., 850 F.3d 150, 156 (4th Cir. 2017) (citing Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999)). The bankruptcy judge did not abuse his discretion by dismissing Cody's petition.

### A.

The bankruptcy court first concluded that Cody's "failure to satisfy the requirements of 11 U.S.C. § 109 render[ed] her ineligible to be a debtor." ECF No. 1-2, at 4. Section 109 reads, in relevant part, that an individual may not be a debtor "unless such individual has . . . received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1). The debtor must complete the required credit counseling within a 180-day period ending on the date of filing of the petition. Id. If an individual is not eligible as a debtor under § 109(h)(1), then "it is fitting for the bankruptcy court to dismiss the case." In re Stinnie, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016).

The statute only excepts a debtor from this requirement "where a debtor establishes that: (1) exigent circumstances merit a waiver of the Section 109(h)(1) requirement; (2) the debtor requested credit counseling services from an approved agency, but was unable to obtain the services within five days of making the request; and (3) the certification is satisfactory to the court." In re Mitrano, 409 B.R. 812, 816 (E.D. Va. 2009). The bankruptcy court found that Cody had not satisfied the requirements of § 109(h)(1) and that she did not meet an exception

because she did not file a certification of exigent circumstances. See In re Stinnie, 555 B.R. at 534 ("Once a court determines the individual who filed the bankruptcy case did not comply with the requirements of section 109(h) and does not fall within one of the statutory exceptions, that individual does not qualify to be a debtor in bankruptcy."). As a result, Cody did not qualify as a debtor under § 109(h)(1) and dismissal was appropriate.

**B.**

Next, the bankruptcy court determined that Cody "failed to show cause why her case should not [have been] dismissed for filing a petition . . . while she was still time barred." ECF No. 1-2, at 5. Pursuant to 11 U.S.C. § 109(g), no individual may be a debtor if they have been a "debtor in a case pending under this title at any time in the preceding 180 days if . . . the case was dismissed by the court for willful failure of the debtor to abide by orders of the court . . . ." 11 U.S.C. § 109(g). The bankruptcy court barred Cody from filing another petition for 180 days on July 17, 2018 when it dismissed Cody's third petition because she failed to file additional schedules and other information. ECF No. 6 at 11-12.

According to Fourth Circuit precedent, the bankruptcy court was well within its statutory power to prevent abuse of the bankruptcy system by sanctioning Cody. See In re Tomlin, 105 F.3d 933, 941 (4th Cir. 1997) (concluding that § 109(g) was enacted to prevent serial filing of bankruptcy petitions and that barring the plaintiff from immediately filing another petition was appropriate). Furthermore, the bankruptcy court provided Cody with the opportunity to show cause as to why her petition should not be dismissed and was unpersuaded by her excuse that inclement weather and a national holiday caused her to file before the time bar expired. ECF No. 1-2, at 5. As such, the bankruptcy court did not abuse

its discretion in dismissing Cody's fourth petition for violating its earlier Order barring her from filing another petition within 180-days.

C.

Finally, the bankruptcy court decided that Cody's repeated bankruptcy filings "[were] a continued effort to thwart the City of Roanoke from exercising its rights in connection with [her] condemned and unoccupied Property" and that "her case was filed in bad faith." Id. Moreover, the bankruptcy court concluded that Cody's living situation and level of income would not permit the confirmation of a viable Chapter 13 plan, even if the case had been allowed to proceed. Id.

Section 1307 of the Bankruptcy Code allows a bankruptcy court to dismiss or convert a case, whichever is in the best interests of the creditors and the estate, for cause. 11 U.S.C. § 1307(c). The Fourth Circuit recognizes bad faith as cause for dismissal. See In re Kestell, 99 F.3d 146, 148 (4th Cir. 1996). The test for bad faith looks at the totality of the circumstances and examines objective and subjective factors, with the underlying inquiry focused on fundamental fairness. In re Uzaldin, 418 B.R. 166, 173 (Bankr. E.D. Va. 2009). The factors include the following:

> the nature of the debt; whether the debt would be non-dischargeable in a chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

Id. The bankruptcy court found the number and timing of Cody's filings, in addition to her "disregard of the duties and obligations imposed upon her by the United States Bankruptcy Code and th[e Bankruptcy] Court's prior dismissal Order," to constitute bad faith. ECF No.

7

1-2 at 5. The bankruptcy court also concluded that Cody would not be able to obtain confirmation of a viable Chapter 13 plan because of her living situation and level of income. Accordingly, it dismissed her fourth bankruptcy petition. Because the bankruptcy court's conclusions do not rest upon "clearly erroneous factual finding," dismissal of Cody's petition for bad faith was not an abuse of discretion.

## IV.

Cody fails to show that the bankruptcy court abused its discretion by dismissing her fourth Chapter 13 petition. Because of this, the court does not address the City's argument for mootness. Accordingly, the court **AFFIRMS** the bankruptcy court's February 5, 2019 dismissal of Cody's bankruptcy petition. A corresponding Order consistent with this Memorandum Opinion will be entered this day.

The clerk is directed to send a copy of this Memorandum Opinion to Appellant Cody and all counsel of record.

It is so **ORDERED**.

Entered: Nov 12, 2019

Michael F. Urbanski
Chief United States District Judge